**THE HARMAN FIRM, PC**
Attorneys & Counselors At Law
www.theharmanfirm.com

November 4, 2014

<u>Via ECF</u>

Hon. James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *George Abella v. Steven Madden Ltd., et al.*
    **14-cv-5282(SJ)(JO)**

Dear Judge Orenstein:

  This firm represents the Plaintiff in the above-referenced matter. We write in response to Defendant's application for a pre-motion conference (Docket No. 13). Plaintiff disagrees with Defendant's characterization of events, as outlined below.

  Subsequent to the filing of Plaintiff's Complaint, Defendant, pursuant to the Court's Order dated September 30, 2014, informed Plaintiff of perceived deficiencies with Plaintiff's Complaint. Specifically, Defendant stated that they intended to i) move to dismiss Defendant Steven Madden Retail, Inc. ("Retail"),[1] on the basis that Retail was not Plaintiff's employer and therefore bears no liability, and ii) move to dismiss the claim of discrimination as inadequately pled. Plaintiff ultimately agreed to amend his Complaint, removing allegations against Retail and slightly modifying the language of the discrimination causes of action by expressly stating "hostile work environment," even though Plaintiff maintains those claims were adequately pled. The parties stipulated to the above changes (Docket No. 10), and the Court so-Ordered the stipulation. Plaintiff disputes Defendant's claim that he agreed to dismiss Retail with prejudice. The outcome of Plaintiff's conversation with Defendant was an agreement to amend the Complaint; nowhere is prejudice mentioned in the parties' letter to the Court or the stipulation, because that is not what the parties agreed to.

  As per the stipulation, Plaintiff filed an Amended Complaint on October 28, 2014 (Docket No. 11), altering the language in his discrimination claims and removing all

---

[1] In an effort to avoid motion practice, Plaintiff agreed to remove allegations in the Complaint related to Retail. However, Plaintiff does not have discovery on the issue, and thus will only agree to dismiss with prejudice with more concrete assurances from Defendant.

1776 Broadway, Suite 2030
New York, New York 10019
T 212 425 2600 F 212 202 3926

allegations regarding Defendant Retail from the Amended Complaint. Plaintiff did not remove Defendant Retail from the case Caption; Plaintiff's understanding is that a party cannot be removed from a caption without a specific Court directive. Defendant then contacted Plaintiff, demanding that Defendant Retail be removed from the caption. Ultimately, Plaintiff offered to either i) immediately dismiss Defendant Retail without prejudice, or ii) dismiss Defendant Retail with prejudice, if Defendant would provide Plaintiff with documentation confirming their verbal representation that Defendant Retail was not a proper party to the Action. Defendant's Motion suggests that Plaintiff refused to dismiss Retail with prejudice – that is not the case.

Plaintiff sincerely believes that he has taken all reasonable steps to attempt to assuage Defendant. Plaintiff has complied with the Court's September 30, 2014 Order. Plaintiff is presently prepared to dismiss Defendant Retail without prejudice, and is willing to dismiss Defendant Retail with prejudice if Defendant will provide Plaintiff with written assurances. Plaintiff regrets that this matter could not be addressed amicably between counsel, and thanks the Court for its patience and attention to this matter.

Very truly yours,

Walker G. Harman, Jr.

cc: Nancy V. Wright, Esq. (via ECF)
Elizabeth Danielle Ho Sing, Esq. (via ECF)
Bindu Krishnasamy, Esq. (via ECF)
Hon. Sterling Johnson, Jr. (via ECF)