UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
GEORGE ABELLA,

           14 Civ. 5282 (SJ)(JO)
     Plaintiff,

           ANSWER TO THE
 -against-        SECOND AMENDED
           COMPLAINT

STEVEN MADDEN LTD.,

     Defendant.
------------------------------------- X

  Defendant, **STEVEN MADDEN LTD.** ("Steve Madden"), by and through its attorneys, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**, hereby answers plaintiff's second amended complaint upon information and belief as follows:

## AS TO THE PRELIMINARY STATEMENT

  1. Denies all allegations of wrongdoing contained in paragraph "1" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

  2. Admits that plaintiff purports to invoke the jurisdiction of the Court as set forth in paragraph "2" of plaintiff's second amended complaint, specifically denies all allegations of wrongdoing, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO JURISDICTION AND VENUE

  3. Admits that plaintiff purports to invoke the jurisdiction of the Court as set forth in paragraph "3" of plaintiff's second amended complaint, specifically denies all allegations of wrongdoing, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

5288349v.2

4. Admits that plaintiff purports to invoke the jurisdiction of the Court as set forth in paragraph "4" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

5. Admits that plaintiff purports to invoke venue in the Eastern District of New York as its response to the allegations set forth in paragraph "5" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO TRIAL BY JURY

6. With respect to the allegations contained in the paragraph "6" of plaintiff's second amended complaint, no response is required.

## PARTIES

7. Denies knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph "7" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

8. Admits the allegations set forth in paragraph "8" of plaintiff's second amended complaint.

## AS TO STATEMENT OF FACTS

9. Denies the allegations set forth in paragraph "9" of plaintiff's second amended complaint as pled, except admits that plaintiff was hired in or around September 2013, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

10. Denies the allegations set forth in paragraph "10" of plaintiff's second amended complaint, specifically avers that in or around October 2013 plaintiff received a salary increase

and position as an Accounts Payable Clerk, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**11.** Admits the allegations set forth in paragraph "11" of plaintiff's second amended complaint.

**12.** Denies each and every allegation set forth in paragraph "12" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**13.** Denies each and every allegation set forth in paragraph "13" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**14.** Denies each and every allegation set forth in paragraph "14" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**15.** Denies each and every allegation set forth in paragraph "15" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**16.** Denies each and every allegation set forth in paragraph "16" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**17.** Denies each and every allegation set forth in paragraph "17" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

**18.** Denies each and every allegation set forth in paragraph "18" of plaintiff's second

amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

19. Denies each and every allegation set forth in paragraph "19" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

20. Denies each and every allegation set forth in paragraph "20" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

21. Denies each and every allegation set forth in paragraph "21" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

22. Denies each and every allegation set forth in paragraph "22" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

23. Denies each and every allegation set forth in paragraph "23" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

24. Denies each and every allegation set forth in paragraph "24" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

25. Denies each and every allegation set forth in paragraph "25" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

26. Denies each and every allegation set forth in paragraph "26" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

27. Denies each and every allegation set forth in paragraph "27" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

28. Denies each and every allegation set forth in paragraph "28" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

29. Denies each and every allegation set forth in paragraph "29" of plaintiff's second amended complaint, except admits that plaintiff received a satisfactory performance review and salary increase, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

30. Denies each and every allegation set forth in paragraph "30" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

31. Denies each and every allegation set forth in paragraph "31" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

32. Denies each and every allegation set forth in paragraph "32" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

33. Denies each and every allegation set forth in paragraph "33" of plaintiff's second

5288349v.2

amended complaint as pled, specifically denies that plaintiff ever complained of discrimination or hostile work environment during his employment tenure, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

34. Denies each and every allegation set forth in paragraph "34" of plaintiff's second amended complaint as pled, specifically denies that plaintiff ever complained of discrimination or hostile work environment during his employment tenure, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

35. Denies each and every allegation set forth in paragraph "35" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

36. Denies each and every allegation set forth in paragraph "36" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

37. Denies each and every allegation set forth in paragraph "37" of plaintiff's second amended complaint as pled, except admits that in order to complete its investigation, defendant's Human Resources department asked plaintiff to take Friday, June 27, 2014 off and to report to work on Monday, June 30, 2014, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

38. Denies each and every allegation set forth in paragraph "38" of plaintiff's second amended complaint as pled, except admits that upon plaintiff's return to work on June 30, 2014, he met with defendant's Human Resources department, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

39. Denies each and every allegation set forth in paragraph "39" of plaintiff's second

5288349v.2

amended complaint as pled, except admits that plaintiff was advised of complaints filed against him by several employees, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

40. Denies each and every allegation set forth in paragraph "40" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

41. Denies each and every allegation set forth in paragraph "41" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

42. Denies each and every allegation set forth in paragraph "42" of plaintiff's second amended complaint as pled, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

43. Denies each and every allegation set forth in paragraph "43" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

44. Denies each and every allegation set forth in paragraph "44" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

## AS A RESPONSE TO THE FIRST CAUSE OF ACTION RETALIATION UNDER THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

45. Defendant repeats and reiterates each and every response to paragraphs "1" through "44" as if fully set forth at length herein as its response to paragraph "45" of plaintiff's second amended complaint.

46. Defendant avers that paragraph "46" of plaintiff's second amended complaint

7

proffers a quotation of a statute to which no response is required, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

47. Denies each and every allegation set forth in paragraph "47" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

48. Denies each and every allegation set forth in paragraph "48" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

49. Denies each and every allegation set forth in paragraph "49" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

50. Denies each and every allegation set forth in paragraph "50" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE SECOND CAUSE OF ACTION HOSTILE WORK ENVIRONMENT UNDER THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

51. Defendant repeats and reiterates each and every response to paragraphs "1" through "50" as if fully set forth at length herein as its response to paragraph "51" of plaintiff's second amended complaint.

52. Defendant avers that paragraph "52" of plaintiff's second amended complaint proffers a quotation of a statute to which no response is required, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

53. Denies each and every allegation set forth in paragraph "53" of plaintiff's second

5288349v.2

amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

54. Denies each and every allegation set forth in paragraph "54" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

55. Denies each and every allegation set forth in paragraph "55" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE THIRD CAUSE OF ACTION RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL")

56. Defendant repeats and reiterates each and every response to paragraphs "1" through "55" as if fully set forth at length herein as its response to paragraph "56" of plaintiff's second amended complaint.

57. Defendant avers that paragraph "57" of plaintiff's second amended complaint proffers a quotation of a statute to which no response is required, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

58. Denies each and every allegation set forth in paragraph "58" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

59. Denies each and every allegation set forth in paragraph "59" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

60. Denies each and every allegation set forth in paragraph "60" of plaintiff's second

9

5288349v.2

amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE FOURTH CAUSE OF ACTION HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL

61. Defendant repeats and reiterates each and every response to paragraphs "1" through "60" as if fully set forth at length herein as its response to paragraph "61" of plaintiff's second amended complaint.

62. Defendant avers that paragraph "62" of plaintiff's second amended complaint proffers a quotation of a statute to which no response is required, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

63. Denies each and every allegation set forth in paragraph "63" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

64. Denies each and every allegation set forth in paragraph "64" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

65. Denies each and every allegation set forth in paragraph "65" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

66. Defendant repeats and reiterates each and every response as previously set forth herein in response to the allegations incorporated in the preceding paragraphs, denies that any relief is warranted in response to each of the plaintiff's requests for assorted damages, costs, attorney fees, interest, and other relief and/or judgment, specifically denies that any legally cognizable causes of

action exist pursuant to any statutes or laws, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### FIRST AFFIRMATIVE DEFENSE

67. Plaintiff's second amended complaint fails to state a cause of action upon which relief may be granted, and specifically fails to state any legally cognizable hostile work environment or retaliation claims.

### SECOND AFFIRMATIVE DEFENSE

68. Subject through proof of discovery, plaintiff has failed in whole or in party to mitigate his purported damages.

### THIRD AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred in whole or in part by the doctrines of latches, waiver or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff's conduct was the sole cause of damages alleged in the second amended complaint, and as such, is a bar to this action.

### SIXTH AFFIRMATIVE DEFENSE

72. All relevant factors should be considered regarding the establishment, implementation and compliance with the policies, programs and procedures for prevention and detection of unlawful discriminatory practice by employees in accordance with § 8-107(13)(d) of Title 8 of the New York City Administrative Code.

5288349v.2

## SEVENTH AFFIRMATIVE DEFENSE

73. All relevant factors should be considered in accordance with § 8-107(13) (e) and (f) of Title 8 of the New York City Administrative Code.

## EIGHTH AFFIRMATIVE DEFENSE

74. Mitigating factors should be taken into account in accordance with § 8-126 (h) of Title 8 of the New York City Administrative Code.

## NINTH AFFIRMATIVE DEFENSE

75. Plaintiff's retaliation claims fail because plaintiff did not engage in any protected activity, and did not suffer any qualifying adverse employment action taken by the defendant as a result of his alleged engagement in any protected activity.

## TENTH AFFIRMATIVE DEFENSE

76. Any damages awarded to plaintiff would result in unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

77. To the extent that any adverse actions were taken by defendant, they were taken for legitimate non-discriminatory business reasons.

## TWELFTH AFFIRMATIVE DEFENSE

78. Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior in its workplace and, although defendant denies any such acts occurred with respect to plaintiff, plaintiff unreasonably failed to take advantage of defendant's preventive or corrective opportunities or to avoid harm otherwise.

## DEMAND FOR JURY TRIAL

79. The answering defendant herein demands a jury trial.

WHEREFORE, defendant demands judgment over and against plaintiff and respectfully

5288349v.2

requests an Order dismissing plaintiff's second amended complaint together with costs and disbursements.

Dated: New York, New York
November 17, 2014

Yours, etc.,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _____
**Nancy V. Wright, Esq.**
**Bindu Krishnasamy, Esq.**
**Elizabeth D. Ho Sing, Esq.**
Attorneys for Defendant
**STEVEN MADDEN LTD.**
150 East 42nd Street
New York, New York 10017
(212) 490-3000
Our File No.: 13885.00006

To: **THE HARMAN FIRM, PC**
Attorneys for Plaintiff
**GEORGE ABELLA**
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600

13